**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| AMY POWELL, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H & R ACCOUNTS, INC. D/B/A AVADYNE HEALTH and MEDUIT GROUP, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>No.: 7:22-cv-01052-TMC<br><br><br>Jury Trial Demanded |

**AMENDED CLASS ACTION COMPLAINT**

**Nature of the Action**

1. Amy Powell ("Plaintiff") brings this class action against H & R Accounts, Inc. d/b/a Avadyne Health ("H & R"), and Meduit Group, LLC ("Meduit"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

1

3. Upon information and belief, H & R routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to cellular telephone numbers, in connection with which it used an artificial or prerecorded voice, without prior express consent, in that H & R repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that did not belong to the intended recipients of H & R's calls. *Accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read.").

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) where a substantial part of the events giving rise to this action occurred in this District.

6. H & R directed its calls and prerecorded voice messages to Plaintiff in this District, and Plaintiff received H & R's calls and prerecorded voice messages in this District.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Blacksburg, South Carolina.

8. H & R is an Illinois corporation with headquarters in Moline, Illinois.

9. H & R is a debt collector.

10. Meduit is a revenue cycle management solutions provider for hospitals, health systems and large physician practices with its headquarters in Charlotte, North Carolina.

11. Meduit "is a parent organization where leading [Revenue Cycle Management] companies … collaborate to identify and measure best practices, leverage one another's unique strengths, collaborate for results, and serve healthcare clients on a unified solutions platform."[1]

12. Meduit markets itself as using "[i]ntegrated dialer technology that makes calls and sends statements based on propensity to pay."[2]

13. Meduit is the parent company of H & R.

14. Meduit acquired H & R on March 29, 2021.

15. Meduit refers to H & R publicly as "Meduit's Moline," Meduit's Billings," "Meduit's Des Moines" and "Meduit's Cedar Rapids" offices.[3]

16. Meduit posts links to job openings for H & R on its website.[4]

17. In response to its obligations under Fed. R. Civ. P. 26(a)(1) requiring H & R to provide for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, H & R disclosed a single policy with Meduit as the original named insured with H&R later added by amendment.

---

[1]   *See* https://www.linkedin.com/company/meduitrcm/about/ (last accessed August 22, 2022).

[2]   *See* https://www.meduitrcm.com/about/ (last accessed August 22, 2022).

[3]   *See* https://www.meduitrcm.com/about/locations/moline/ (last accessed August 22, 2022); https://www.meduitrcm.com/about/locations/billings (last accessed August 22, 2022); https://www.meduitrcm.com/about/locations/des-moines (last accessed August 22, 2022); https://www.meduitrcm.com/about/locations/cedar-rapids/ (last accessed August 22, 2022).

[4]   *See* https://www.meduitrcm.com/careers/ (last accessed August 22, 2022).

18. Upon information and belief, H & R placed the calls at issue to Plaintiff and other putative class members from March 29, 2021 forward on behalf of Meduit and subject to Meduit's control.

19. Upon information and belief, Meduit controls H & R to such a degree that it renders H & R a mere instrumentality of Meduit.

**Factual Allegations**

20. In an attempt to contact one or more third parties other than Plaintiff, H & R placed numerous calls and delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-3218.

21. Plaintiff is, and at all relevant times was, the sole customary user of cellular telephone number (XXX) XXX-3218.

22. H & R began placing calls and delivering artificial or prerecorded voice messages to telephone number (XXX) XXX-3218 as early as 2021.

23. In total, and from 2021 to the present, H & R placed at least 6 calls to telephone number (XXX) XXX-3218.

24. In total, and from 2021 to the present, H & R delivered to Plaintiff an artificial or prerecorded voice message in connection with at least 6 of its calls to telephone number (XXX) XXX-3218.

25. Plaintiff listened to the artificial or prerecorded voice messages that H & R delivered to telephone number (XXX) XXX-3218.

26. Each artificial or prerecorded voice message that H & R delivered to telephone number (XXX) XXX-3218 stated:

> This message is for Chantel Chaney. This message contains personal and private information that is only intended for Chantel Chaney. If you are not Chantel Chaney, please hang up now. By continuing to listen to this message you are acknowledging

4

that you are Chantel Chaney. This is H & R Accounts. This is an attempt to collect a debt by a debt collector and any information will be used for that purpose. Please contact us at 1-800-308-8385. Again, please contact us at 1-800-308-8385. If you wish to pay your account in full you may pay online at www.payhraccounts.com. Again, this is H & R Accounts. Please contact us when you receive this message.

27. When telephone number 1-800-308-8385 is called, the caller is greeted with a prerecorded message that begins: "Thank you for calling H&R Accounts."

28. H & R's records will identify each call it placed to telephone number (XXX) XXX-3218.

29. H & R's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-3218.

30. H & R did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-3218.

31. H & R did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-3218.

32. Plaintiff never provided telephone number (XXX) XXX-3218 to H & R in connection with any use of H & R's services.

33. Plaintiff never had any business relationship with H & R.

34. Plaintiff is not, and never was, an H & R customer.

35. Plaintiff did not, and never has, placed an account with H & R account.

36. Plaintiff does not know anyone by the name of Chantel Chaney.

37. H & R did not place any calls to telephone number (XXX) XXX-3218 for emergency purposes.

38. H & R placed its calls and delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-3218 under its own free will.

39. H & R had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (XXX) XXX-3218.

40. Plaintiff suffered actual harm as a result H & R's calls and prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance.

41. Upon information and good faith belief, H & R, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

42. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons throughout the United States (1) to whom H & R Accounts, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with H & R Accounts, Inc., or a parent, grandparent, spouse, child, or grandchild of a person who has or had an account in collections with H & R Accounts, Inc., (3) in connection with which H & R Accounts, Inc. used an artificial or prerecorded voice, (4) from April 2, 2018 through the date of class certification.

Excluded from the class are H & R, Meduit, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which H & R or Meduit has or had a controlling interest.

43. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

44. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

45. The proposed class is ascertainable because it is defined by reference to objective criteria.

6

46. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by H & R and third parties, including class members.

47. Plaintiff's claims are typical of the claims of the members of the class because all the class members' claims originate from the same conduct, practice and procedure on the part of H & R, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

48. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from H & R, without her consent, in violation of 47 U.S.C. § 227.

49. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

50. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

52. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

53. There will be little difficulty in the management of this action as a class action.

54. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that H & R has acted on grounds generally applicable to the class.

55. Among the issues of law and fact common to the class are:

    a. H & R's violations of the TCPA as alleged in this amended class action complaint;

b. H & R's use of an artificial or prerecorded voice in connection with its calls;

c. H & R's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

d. Whether H & R is liable for artificial and prerecorded messages it delivers to persons who are not its customers or subscribers;

e. Whether Meduit is vicariously liable for the conduct of H&R; and

f. the availability of statutory damages.

56. Absent a class action, H & R's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class as to H & R

57. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-56

58. H & R violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

59. As a result of H & R's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class as to H & R and Meduit

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-56

61. H & R violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

62. Meduit is vicariously liable for the violative calls H & R made to Plaintiff and other putative class members from March 29, 2021 forward.

63. As a result of H & R's and Meduit's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that H & R violated 47 U.S.C. § 227(b)(1)(A)(iii), and that Meduit is vicariously liable for those violations, and enjoining H & R from continuing to place calls by using an artificial or prerecorded voice to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: August 26, 2022					/s/ David A. Maxfield_____
							Dave Maxfield, Attorney, LLC
							Dave Maxfield, Esq., Fed ID 6293
							P.O. Box 11865
							Columbia, SC 29211-1865
							(803) 509-6800
							(855) 299-1656 (fax)
							dave@consumerlawsc.com


							James L. Davidson (*pro hac vice*)
							GREENWALD DAVIDSON RADBIL PLLC

5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class